MacPHAIL, P.. J.,
— In this proceeding the court has before it the confirmation of the first and final account of the testamentary trustee under the last will and testament of C. W. Epley, deceased, and the approval of the trustee’s statement of proposed distribution. Pursuant to a motion of the trustee, a guardian ad litem was appointed to represent the interests of minors who are remaindermen under the terms of the trust. The report of the guardian ad litem to the court raised objections to the statement of proposed distribution. Briefs have been filed and oral argument has been heard.
Factually, it appears that decedent, C. W. Epley, died testate on May 7, 1960. His will provided, inter alia:
“I give and bequeath unto the Littlestown National Bank the sum of Ten Thousand ($10,000) Dollars in trust nevertheless for Mildred A. Widder:
“(a) To take, manage, invest, sell and reinvest the same, from time to time, in any securities or other property declared legal for investment by fiduciaries under the law of Pennsylvania, and to collect and re *660 ceive the rents, income, shares and profits therefrom, and to accumulate the income therefrom, and
“(b) To pay out of the income or the corpus, if necessary, the sum of Fifty ($50.00) Dollars a week unto said Mildred A. Widder, until the depletion of said fund, both principal and interest, or until the death of said Mildred A. Widder, and
“(c) To pay over any balance of principal or interest remaining in said trust at the death of Mildred A. Widder, unto my grandchildren living at that time, in equal shares, share and share alike.”
Due to complications in the estate, including the death of the executor during the period of administration, no funds were paid by the estate to the trustee until October 31,1970, at which time $11,500 was paid over to the trustee.[1] Included in the $11,500 was $1,500 in interest for delay in payment. In the trustee’s schedule of distribution, it is proposed that the entire sum in the trust, less necessary expenses of the trustee, be paid now to Mildred Widder who still survives.
We have entered a preliminary decree confirming the account as stated, directing the trustee to pay the $1,500 interest to the beneficiary forthwith and further directing the trustee to pay and continue paying to the beneficiary $50 per week retroactive to October 31, 1970, pending a final determination of the issue now before this court.
That issue is the question of when the payments to Miss Widder commence, at the time of decedent’s death or when the trustee receives the funds from which the payments to Miss Widder were to be made? The trustee ad litem contends on behalf of the minor *661 remaindermen that the trustee can only pay the $50 per week from the date it receives the funds. The trustee is of the opinion that Miss Widder has a vested interest in the payments due under the trust as of the date of decedent’s death and since the funds would have been paid out entirely had the trustee received the funds in the normal time, the entire sum must be paid over. We conclude that the trustee’s position must be sustained.
An “annuity” was defined in Commonwealth v. Beisel, 338 Pa. 519, as being a right, bequeathed, donated or purchased, to receive fixed periodical payments, either for life or for a number of years. The determining characteristic of an annuity, according to that case, is that an annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. Applying that law to the case now at hand, we are of the opinion that the payments to Miss Widder did constitute an annuity, even though the vehicle of a testamentary trust was used to carry out the testator’s purpose.
In two early Pennsylvania cases, it was held that an annuity given as such commences from testator’s death: Flickwir’s Estate, 136 Pa. 374, 380, and Eichelberger’s Estate, Yale University’s App., 170 Pa. 242, 248. In Flickwir’s Estate, supra, testator had bequeathed several legacies and trusts to his executors and directed that the interest or income in each instance be paid to a primary beneficiary for life and then to a remainderman. The life beneficiaries insisted that they should receive interest payments from the date of decedent’s death, rather than one year thereafter. The court held the legacies to be in the nature of annuities and applied the “settled rule” that the annuity commences from the date of testator’s *662 death. On a similar factual situation, the court reached the same conclusion in Eichelberger’s Estate, supra. In Scott on Trusts, Vol. 3, sec. 234, p. 1935, it is said:
“Where by the terms of a will it is provided that a beneficiary shall receive a certain sum annually or at more frequent intervals, he is entitled to the annuity from the date of the testator’s death, unless it is otherwise provided by will.”
It is interesting to note that of seven States cited by the author to be in accord with that proposition, Pennsylvania is conspicuously absent, notwithstanding the authorities herein cited. In the same vein, however, it must be noticed that there are no States listed by Scott as being contrary to that proposition. Notwithstanding the omission in Scott’s treatise, we are, nevertheless, of the opinion that the law of Pennsylvania is that an annuity begins from the date of the death of testator.
The able brief and supplemental brief of the guardian ad litem cites applicable principles of law where the construction of an ordinary trust is before the court. What makes those principles inapplicable here is that we are not construing an ordinary trust, but rather an annuity. Testator did not create a trust for the benefit of Miss Widder, rather he bequeathed $10,000 to her to be paid to her in $50 weekly installments by a trustee until the depletion of said fund or until she died. His obvious intent was not to postpone the enjoyment of Miss Widder’s legacy for the benefit of his grandchildren, but, rather, to provide a weekly stipend for Miss Widder to the extent that $10,000 would provide such a stipend. Were we to hold that Miss Widder’s right to these payments could be postponed until the estate paid over the legacy to the trustee, it would have been possible for the personal representative to have frustrated testator’s intent al *663 together by delaying the administration of the estate and the payment of the funds to the trustee until Miss Widder died. This the law would not condone. We hold that Miss Widder had a vested interest in the $50 weekly payments beginning with the date of death of Mr. Epley, the testator.
If by the terms of the trust the trust is to continue only until the happening of a certain event, the trust will be terminated upon the happening of that event: Restatement of Trusts 2d, sec. 334. In the case before us, once the trustee received the funds from the estate it had the duty to immediately file its account and schedule of proposed distribution since the event upon which the trust was to terminate, namely the depletion of the fund from which the $50 weekly payments were to be made had occurred.
ORDER
And now, May 17, 1971, the schedule of proposed distribution set forth by the trustee is approved and distribution is directed in accordance therewith, forthwith.

 The question of sanctions against the executor and/or the trustee has not been raised in this proceeding. The account in the estate of C. W. Epley was approved only after a stipulation of counsel on behalf of all interested parties was filed with the court.